UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARVESTER J. JOHNSON, JR., | No. 2:15-cv-0650 CKD P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA HEALTH CARE FACILITY, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. He has consented to have all matters in this action before a United States Magistrate Judge. See 28 U.S.C. 636(c). On March 27, 2015, plaintiff's complaint was dismissed with leave to file an amended complaint. Plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
4 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
5 Cir. 1989); Franklin, 745 F.2d at 1227.

6     A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
7 which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
8 support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467
9 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt
10 Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under
11 this standard, the court must accept as true the allegations of the complaint in question, Hospital
12 Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light
13 most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.
14 McKeithen, 395 U.S. 411, 421 (1969).

15     In his amended complaint, plaintiff asserts that officials at the California Health Care
16 Facility "have punished [plaintiff] for the same crime twice."  Plaintiff fails to elaborate except
17 that he suggests defendants' actions have prolonged his stay in prison.  In any case, plaintiff fails
18 to state a claim upon which relief can be granted, and, as plaintiff was informed in the order
19 dismissing his original complaint (ECF No. 4), to the extent he seeks an earlier release date, his
20 sole federal remedy is a petition for writ of habeas corpus.  See Preiser v. Rodriquez, 411 U.S.
21 475, 500 (1973).  For these reasons, the court will dismiss this action.  Considering plaintiff has
22 already been granted leave to amend to cure the deficiencies in his pleadings, granting leave to
23 amend again would be futile.
24 /////
25 /////
26 /////
27 /////
28 /////

1 | In accordance with the above, IT IS HEREBY ORDERED that:

2 | 1. Plaintiff's amended complaint is dismissed; and

3 | 2. This case is closed.

4 | Dated: August 20, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
john0659.dis